Hamutal G. Lieberman, Esq. (HG9798)
Helbraun & Levey LLP
40 Fulton Street, 28 Fl.
New York, New York 10038
*Attorney for Plaintiff*
*Marlinspike Hall, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARLINSPIKE HALL LLC,<br><br>Plaintiff,<br><br>v.<br><br>BAR LAB CONCEPTS LLC,<br><br>Defendant. | Civil Action No.: 23-cv-2997<br><br>**COMPLAINT**<br><br>**DEAMND FOR JURY TRIAL** |

Plaintiff Marlinspike Hall LLC ("Marlinspike" or "Plaintiff") by its attorneys, Helbraun &

Levey, LLP, for its Complaint against Defendant Bar Lab Concepts LLC ("Bar Lab Concepts" or

"Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1.       This is an action for unfair competition under the Lanham Act (15 U.S.C.

§1125(a)), common law trademark infringement, common law unfair competition, deceptive

practices under N.Y. Gen. Bus. Law § 349, and unjust enrichment. Plaintiff also seeks a permanent

injunction.

2.       By this action, Plaintiff seeks to prevent Defendant from, among other things,

infringing on its common law trademark rights in its trademark "JOLENE" in the geographic area

comprising of New York, and specifically, New York City.

3.       Defendant has been providing restaurant and bar services in connection with its

"JOLENE" trademark since May 18, 2021, at the premises located at 54 Great Jones St., New

York, NY. However, despite Defendant's principals' knowledge of Plaintiff's common law trademark rights in the trademark JOLENE, on or about March 18, 2023, Plaintiff learned that Defendant began operating under the name and using the trademark "JOLENE SOUND ROOM" in commerce at its premises located at 353 Bedford Ave., Brooklyn, NY.

4.      Rather than develop a new trademark for Defendant's cocktail bar, Defendant decided to infringe on Plaintiff's common law trademark rights seeking to bully Plaintiff into conceding its common law trademark rights.

5.      Because Defendant's use of the mark JOLENE SOUND ROOM is likely to (and already has) cause consumer confusion and to deceive purchasers—leading them to believe that Defendant's services originate from or are somehow affiliated with Plaintiff—this unlawful conduct must be stopped.

6.      For these reasons, Plaintiff seeks, among other things, a permanent injunction stopping Defendant from using the name JOLENE SOUND ROOM in commerce in the State of New York.

## **PARTIES**

7.      Plaintiff is an entity organized under the laws of the State of New York, having a principal place of business located at 96 Grove Street, #3, New York, NY 10014. Plaintiff operates the restaurant and bar in connection with the trademark JOLENE at the premises located at 54 Great Jones St., New York, NY 10012.

8.      Upon information and belief, Defendant is an entity organized under the laws of the State of Florida having a principal place of business located at 3418 NW 7th Avenue, Miami, FL 33127, and operates a cocktail bar in connection with the infringing trademark JOLENE SOUND ROOM at the premises located at 353 Bedford Ave., Brooklyn, NY 11211.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1338(a), as the action arises under the Lanham Act, 15 U.S.C. § 1125(a), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000 and Plaintiff and Defendant are citizens of different States.

10.     The venue for this action is properly founded in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred therein because Plaintiff conducts its business in the Southern District of New York.

11.     Defendant is subject to the personal jurisdiction of this Court because it has offices in the State of New York, and/or conducts business in this State.

## FACTS PERTAINING TO ALL CLAIMS

*Plaintiff's Ownership of the JOLENE Trademark is Valid*

12.     On May 18, 2021, Plaintiff opened a restaurant and bar utilizing the trademark JOLENE[1] located at 54 Great Jones St., New York, NY 10012. To date, Plaintiff has continuously used the trademark JOLENE in connection with restaurant and bar services.

13.     Plaintiff has made substantial investment in advertising and promoting its services under its JOLENE trademark since its initial use. Plaintiff has extensively used, advertised, promoted and offered its services utilizing its JOLENE trademark to the public through various channels of trade in commerce and has been featured in several publications advertising and promoting its services including but not limited to: THE NEW YORK TIMES[2], TIME OUT NEW YORK[3]

---

[1] https://www.jolene.nyc/
[2] https://www.nytimes.com/2022/09/06/dining/michelin-guide-restaurants-ny.html
[3] https://www.timeout.com/newyork/restaurants/jolene

[4], RESY BLOG[5], THRILLIST[6], MICHELIN GUIDE[7], GALAVANTE[8], EATER[9] [10] and CITYTOURNY[11]. Opposer also utilizes its website[12] Instagram to promote its trademark JOLENE and its associated services.[13]

14.     As a result of such advertising, promotion and sales, Plaintiff's trademark JOLENE has become distinctive to its customers and to members of the public well prior to the Defendant's intended or actual use of the infringing trademark JOLENE SOUND ROOM.

*Defendant Infringes on Plaintiff's Trademark Rights Causing Consumer Confusion*

15.     Upon information and belief, notwithstanding Plaintiff's rights in and to its JOLENE trademark, on April 13, 2022, almost a year after Plaintiff was already utilizing its JOLENE trademark, Defendant filed an application for registration of the trademark JOLENE SOUND ROOM in connection with "cocktail lounge services" with the United States Patent and Trademark Office ("USPTO").   The application was assigned Serial No. 97361667 and was published for opposition in the Official Gazette on March 14, 2023. Plaintiff has opposed Defendant's trademark application before the USPTO based on its priority of use.

16.     Moreover, upon information and belief, on or about March 18, 2023, Plaintiff learned that Defendant began operating under the name and using the trademark "JOLENE SOUND ROOM" in commerce at its premises located at 353 Bedford Ave., Brooklyn, NY.

---

[4] https://www.timeout.com/newyork/news/gabriel-stulman-just-opened-jolene-in-the-old-great-jones-cafe-space-052121
[5] https://blog.resy.com/2021/05/jolene-gabriel-stulman-new-york/
[6] https://www.thrillist.com/eat/new-york/jolene-nyc-gabriel-stulman
[7] https://guide.michelin.com/us/en/new-york-state/new-york/restaurant/jolene-1196818
[8] https://galavante.com/destinations/new-york-city/jolene-jolene-nyc/
[9] https://ny.eater.com/2022/9/6/23339107/michelin-guide-30-restaurant-additions-september
[10] https://ny.eater.com/2021/5/6/22412579/nyc-restaurant-openings-may-2021
[11] https://cititour.com/NYC_News/Jolene-offers-indoor-dining-to-vax-only-guests/5408
[12] https://www.jolene.nyc/
[13] https://www.instagram.com/jolene.nyc/?hl=en

17.    Defendant's JOLENE SOUND ROOM trademark resembles Plaintiff's JOLENE trademark in both appearance and sound. The standard characters JOLENE are the focus of both marks, they are spelled the same and sound identically the same. The additional words "SOUND ROOM" are merely descriptive of the services that Defendant seeks to provide—a cocktail bar.

18.    Moreover, much of Defendant's advertising and promotion omits the words "SOUND ROOM" and in fact solely focuses on the predominating feature of the mark: JOLENE.



https://www.instagram.com/p/CplaZCfuwDp/
(Accessed on 03/20/2023)



https://www.instagram.com/p/Cpn9_JmOO-K/ (accessed on 03/20/2023)



https://www.instagram.com/p/Cpn9_JmOO-K/ (accessed on 03/20/2023)



https://www.instagram.com/p/Cpn9_JmOO-K/ (accessed on 03/20/2023)



https://www.instagram.com/p/Cpn9_JmOO-K/ (accessed on 03/20/2023)

19.     Defendant has also been promoting its services in publications and such publications have already referred to the Defendant's services by the name of JOLENE increasing the likelihood of confusion for consumers.[14] [15]

20.     Even Defendant's own website and Instagram account refers to the cocktail bar as JOLENE. Notably, Defendant's Instagram account improperly uses the ® symbol next to Plaintiff's JOLENE trademark, which is neither owns nor has applied to own. In any event this alone, is grounds to cancel Defendant's trademark application for JOLENE SOUND ROOM and clearly shows Defendant's flagrant and willful intent to infringe on Plaintiff's JOLENE trademark.



https://www.Bar-lab.com/properties-bars/ (accessed on 03/20/2023)

---

[14] https://secretnyc.co/jolene-brooklyn/
[15] https://www.timeout.com/newyork/news/a-dolly-parton-inspired-music-room-and-club-is-opening-in-williamsburg-031523



https://instagram.com/jolenesoundroom?igshid=Ym
MyMTA2M2Y= (accessed on 04/10/2023)

21.     In fact, representatives on behalf of Defendant have been quoted as referring to Defendant's services by JOLENE ("We look forward to introducing the Brooklyn community to **Jolene**, as together we've created something truly spectacular." and "We have always appreciated the love affair between Miami and New York. The opening of **Jolene** gives us an intimate room with impeccable sound to foster and nourish the ever-growing nightlife of Brooklyn.") (Emphasis added).[16]

22.     Defendant has also publicly discussed its plans on operating additional venues once again using the trademark JOLENE ("**Jolene Brooklyn** marks the first opening of the **Jolene concept**, with **Jolene Miami** slated for spring 2023".) (Emphasis added).[17]

23.     Further, Defendant's services are identical to those of Plaintiff's. Both serve drinks and cocktails and fall under International Class 43. Plaintiff's bar and restaurant has been described

---

[16] https://secretnyc.co/jolene-brooklyn/
[17] https://secretnyc.co/jolene-brooklyn/

as a place where "[g]uests can hang out here and drink like[] it's a wine bar and if they wish, order food."[18] Defendant has filed its application with the USPTO on an intent to use the trademark JOLENE SOUND ROOM in connection with "cocktail lounge services" and has in fact started operating a cocktail bar.

24.     Moreover, both marks have the same commercial impression in that both JOLENE and JOLENE SOUND ROOM reference the famous song by celebrity and country singer Dolly Parton. ("Restaurateur Gabe Stulman has flipped The Jones into Jolene, a nod to Dolly Parton's iconic song and an homage to the laidback American bistro."[19]). ("Jolene is an intimate room with a 150 person capacity, inspired by the fierceness and femininity of Dolly Parton.").[20] [21]

25.     Finally, both are located in the same geographic location, New York City.

26.     As such, should Defendant be allowed to continue to use the trademark JOLENE SOUND ROOM in the geographic location of New York and specifically New York City, it is likely that Plaintiff's customers and members of the public will be confused, mistaken or deceived as to the origin and sponsorship of Defendant's services and mislead to believe that such services emanate from, are directly or indirectly sponsored, licensed or associated with Plaintiff's business and brand identity JOLENE to the damage and detriment of Plaintiff and its reputation.

27.     In fact, Plaintiff's principals have already received countless calls from customers asking if there is any association between its JOLENE cocktail bar and Defendant's JOLENE SOUND ROOM. Such confusion will only continue if Defendant is not stopped.

---

[18] https://ny.eater.com/2021/5/6/22412579/nyc-restaurant-openings-may-2021
[19] https://ny.eater.com/2021/5/6/22412579/nyc-restaurant-openings-may-2021
[20] https://ra.co/clubs/210693
[21] https://www.jolenesoundroom.com/

## COUNT I
### (Unfair Competition, 15 U.S.C. § 1125(a))

28.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 27 as if set forth at length herein.

29.     Plaintiff has neither approved of nor ever endorsed Defendant's use of the infringing trademark JOLENE SOUND ROOM in conjunction with any services distributed in commerce and specifically in commerce in the State of New York.

30.     The infringing trademark JOLENE SOUND ROOM is nearly identical to the JOLENE trademark owned by Plaintiff, which predates the infringing JOLENE SOUND ROOM trademark and which consumers associate with Plaintiff's services.

31.     Defendant has used and is currently using the infringing trademark JOLENE SOUND ROOM, which is confusingly similar to the JOLENE trademark, in a manner that is likely to cause consumers to be confused, mistaken, or deceived about the origin of Defendant's services, and the affiliation, connection, or association between Plaintiff and Defendant's services.

32.     Defendant has intentionally used the infringing trademark JOLENE SOUND ROOM in connection with the advertisement, promotion, sale, offering for sale, and distribution of its services, knowing that it did not have Plaintiff's permission or consent to do so.

33.     Defendant's unauthorized use of the infringing trademark JOLENE SOUND ROOM or JOLENE in connection with the advertisement, promotion, sale, offering for sale, and distribution of services bearing JOLENE SOUND ROOM or JOLENE constitutes Defendant's use of the infringing trademark JOLENE SOUND ROOM or JOLENE in commerce.

34.     Defendant is unlawfully benefiting and profiting from the use of the infringing JOLENE SOUND ROOM trademark by falsely creating the misperception and belief among

consumers that Defendant's services that bear that mark originate from, are affiliated, connected, or associated with, and/or are endorsed, sponsored, or approved by Plaintiff.

35.     Defendant has misappropriated the goodwill from the JOLENE trademark and misdirected that goodwill to Defendant's services that bear the infringing JOLENE SOUND ROOM trademark.

36.     Defendant's acts constitute a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

37.     As a direct and proximate result of the foregoing wrongful actions by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

38.     Defendant has made, and will likely continue to make, substantial profits and gains from its unlawful use of the infringing JOLENE SOUND BAR trademark or the JOLENE trademark, which it is not entitled to receive, whether in law or in equity.

39.     Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court form using the infringing JOLENE SOUND ROOM or JOLENE trademarks in commerce.

40.     Plaintiff demands an injunction against Defendant to enjoin and restrain it from any further use of the infringing JOLENE SOUND ROOM or JOLENE trademarks in commerce.

41.     Plaintiff also demands recovery of its damages from Defendant, as well as the profits that Defendant has earned from its unlawful use of the infringing JOLENE SOUND ROOM and JOLENE trademarks.

## COUNT II
### (Common Law Trademark Infringement, N.Y. Gen. Bus. Law § 360-o)

42.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 41 as if set forth at length herein.

43.     Plaintiff has a valid and legally protectable trademark, JOLENE.

44.     On May 18, 2021, Plaintiff opened a restaurant and bar utilizing the trademark JOLENE located at 54 Great Jones St., New York, NY 10012. To date, Plaintiff has continuously used the trademark JOLENE in connection with restaurant and bar services.

45.     Upon information and belief, notwithstanding Plaintiff's rights in and to its JOLENE trademark, on April 13, 2022, almost a year after Plaintiff was already utilizing its JOLENE trademark, Defendant filed an application for registration of the trademark JOLENE SOUND ROOM in connection with "cocktail lounge services".  The application was assigned Serial No. 97361667 and was published for opposition in the Official Gazette on March 14, 2023. Plaintiff has opposed Defendant's trademark application.

46.     Moreover, upon information and belief, on or about March 18, 2023, Plaintiff learned that Defendant began operating under the name and using the trademark JOLENE SOUND ROOM or JOLENE for short in commerce at its premises located at 353 Bedford Ave., Brooklyn, NY.

47.     Defendant's use of the trademark JOLENE SOUND ROOM or JOLENE is likely to cause consumer confusion as to the origin and/or sponsorship of Defendant's services that bear the infringing trademark JOLENE SOUND ROOM or JOLENE, causing consumers to believe that Defendant's services originate and/or are sponsored by or otherwise affiliated with Plaintiff.

48.     Defendant's wrongful acts have caused, and likely will continue to cause, confusion with Plaintiff's JOLENE trademark, and thereby constitute trademark infringing in violation of Plaintiff's common law trademark rights.

49.     As the direct and proximate result of the foregoing wrongful acts by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

50.     Defendant has made, and will likely continue to make, substantial profits and gains from its unlawful use of the infringing JOLENE SOUND ROOM or JOLENE trademarks, which it is not entitled to receive, whether in law or in equity.

51.     Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing JOLENE SOUND ROOM or JOLENE trademarks in commerce.

52.     Accordingly, Plaintiff demands an injunction against Defendant to enjoin and restrain it from any further use of the infringing JOLENE SOUND BAR trademark in commerce.

53.     Plaintiff also demands recovery of its damages from Defendant, as well as the profits that Defendant has earned from its unlawful use of the infringing JOLENE SOUND ROOM trademark.

## COUNT III
### (Common Law Unfair Competition)

54.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as if set forth at length herein.

55.     Defendant has violated Plaintiff's common law rights in the JOLENE trademark and engaged in unfair competition by adopting the JOLENE SOUND ROOM and JOLENE trademarks in bad faith, which mark is nearly identical and confusingly similar to the JOLENE

trademark, and by trading off of Plaintiff's reputation and goodwill, competing unfairly with it, and by creating a false association between Plaintiff and Defendant.

56.     Defendant's misappropriation of the JOLENE trademark, along with its associated reputation and goodwill, is likely to cause consumer confusion or to decisive purchasers as to the origin of Defendant's services that bear the infringing JOLENE SOUND ROOM or JOLENE trademark.

57.     Defendant has also misappropriated Plaintiff's labor and expenditures to create and own JOLENE SOUND ROOM, causing consumers and purchasers to believe that Defendant's services original from Plaintiff.

58.     Defendant's wrongful acts have caused, and likely will continue to cause, confusion with Plaintiff's JOLENE trademark, and thereby constitute unfair competition in violation of the common law.

59.     As the direct and proximate result of the foregoing wrongful acts by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

60.     Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing JOLENE SOUND ROOM or JOLENE trademarks in commerce.

61.     Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing JOLENE SOUND ROOM in commerce.

62.     Accordingly, Plaintiff demands an injunction against Defendant to enjoin and restrain it from any further use of the infringing JOLENE SOUND BAR trademark in commerce.

63.    Plaintiff also demands recovery of its damages from Defendant, as well as the profits that Defendant has earned from its unlawful use of the infringing JOLENE SOUND ROOM trademark.

## COUNT IV
### (Deceptive Practices, N.Y. Gen. Bus. Law § 349)

64.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 63 as if set forth at length herein.

65.    Defendant has been and is engaged in deceptive acts and practices in the conduct of its business, trade or commerce, materially misleading consumers into falsely believing that its sale of services bearing the infringing trademark JOLENE SOUND ROOM and JOLENE originates form, is authorized by, or affiliated with, Plaintiff, in violation of N.Y. Gen. Bus. Law § 349.

66.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gains, which it is not entitled to receive, whether in law or in equity.

67.    Defendant's unlawful acts have damaged and will continue to damage Plaintiff.

68.    Upon information and belief, Defendant intends to continue its infringing acts.

69.    Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained from pursuing such acts in the future.

70.    Plaintiff demands an injunction against Defendant to enjoin and restrain it from any further unlawful use of the infringing JOLENE SOUND ROOM or JOLENE trademarks in commerce.

## COUNT V
### (Unjust Enrichment)

71.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 70 as if set forth at length herein.

72.     The acts complained of above and herein constitute Defendant's unjust enrichment at Plaintiff's expense.

73.     In equity and good conscious, Defendant should not be entitled to retain and benefit from the value of the time, effort, and money Plaintiff has invested into developed the goodwill associated with the JOLENE trademark.

74.     Defendant's actions have damaged and will continue to damage Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A. Under Count I, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with 15 U.S.C. § 1117, and directing that such profits and actual damages be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

B. Under Count II, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with common law.

C. Under Count III, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with common law.

D. Under Count IV, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with N.Y. Gen. Bus. Law § 349.

E. Under Count V, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000.

F. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §§ 1116(a) and 1125(a), N.Y. Gen. Bus. Law § 349, and the common law preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities acting in concert or participation with it from:

    1. Using, exploiting, or displaying the trademarking JOLENE SOUND ROOM in any way and for any purpose, including for purposes of advertising or promoting any of Defendant's services or goods, including any product manufactured, sold or distributed by it, now or in the future, without Plaintiff's written consent or permission.

    2. Using or displaying the trademark JOLENE SOUND ROOM on any website, or any other method to distribute information without Plaintiff's written consent or permission.

G. Ordering Defendant to file with this Court and to serve on Plaintiff within thirty (30) days after entry of the injunction a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

H. Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and the trade from deriving any erroneous impression that Plaintiff has endorsed, sponsored, or approved of any of Defendant's goods or services that bear the trademark JOLENE SOUND ROOM, or have been affiliated, connected, or associated with any of

Defendant's goods or services that bear the trademark JOLENE SOUND ROOM, including the creation, design, advertising, or sale of any such goods or services.

I. Awarding Plaintiff any punitive damages under applicable federal or state law, statute or rule.

J. Awarding Plaintiff its costs, attorney's fees, and expenses to the full extent provided for under federal or state law.

K. Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

L. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: April 10, 2023
New York, New York

Helbraun & Levey LLP

By:   */s/ Hamutal G. Lieberman*
       Hamutal G. Lieberman, Esq. (HG9799)
       40 Fulton St., 28 Fl.
       New York, New York 10038
       Tel: (212) 219-1193
       Hamutal.Lieberman@helbraunlevey.com

*Attorneys for Plaintiff*
*Marlinspike Hall LLC*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury.

Dated: New York, New York
        April 10, 2023

                                    Helbraun & Levey LLP
                                    *Attorneys for Plaintiff*

                                    By: ___*/s/ Hamutal G. Lieberman*___
                                            Hamutal G. Lieberman, Esq. (HG9799)
                                            40 Fulton St., 28 Fl.
                                            New York, New York 10038
                                            Tel: (212) 219-1193
                                            Hamutal.Lieberman@helbraunlevey.com

                                    *Attorneys for Plaintiff*
                                    *Marlinspike Hall LLC*